**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO. 1:18-cv-24403-FAM-LFL**

METROPOLITAN LIFE INSURANCE
COMPANY,

        Plaintiff

v.

TINA VAN KESSEL, TONNA KAY
PERRY, JAIME RIGUEZ and
KRISTINA ROGERS,

        Defendants.
_____/

**PLAINTIFF'S UNOPPOSED MOTION TO DEPOSIT FUNDS AND
INCORPORATED MEMORANDUM OF LAW**

Plaintiff, METROPOLITAN LIFE INSURANCE COMPANY ("MetLife"), pursuant to Fed. R. Civ. P. 22 and 67, moves this Court for an Order permitting MetLife to deposit the life insurance benefits at issue, plus any applicable interest, with the Clerk of Court. In support of this Unopposed Motion, MetLife states:

**I. BACKGROUND**

**A.    Factual Background**

1.    MetLife filed this interpleader action as a result of competing claims for death benefits under an employee welfare benefit plan. [DE 1 at ¶¶ 8, 16-19].

2.    George Van Kessel ("Decedent") was employed by AT&T Inc. ("AT&T"). [*Id.* ¶ 8].

3. Decedent was a participant in the AT&T Group Life Insurance Program ("the Plan"), an ERISA-governed employee welfare benefit plan sponsored by AT&T, and funded by a group life insurance policy issued by MetLife. [*Id.*]

4. At the time of his death, Decedent was enrolled for Basic Life Insurance ("BLI") coverage under the Plan in the amount of Forty-Two Thousand Five Hundred Dollars ($42,500.00) (the "BLI Benefits"). [*Id.* ¶ 15].

5. The most recent beneficiary designation on file was completed on online on February 3, 2018 (the "February 3, 2018 Beneficiary Designation") and names Defendant JAIME RIGUEZ ("Mr. Riguez") and Defendant KRISTINA ROGERS ("Ms. Rogers") for fifty percent (50%) each of the Plan Benefits. [*Id.* at ¶ 12; *see also* DE 1-2].

6. The prior beneficiary designation on file was completed on March 30, 2015 (the "March 30, 2015 Beneficiary Designation") and named Defendant TONNA PERRY ("Ms. Perry") and Defendant TINA VAN KESSEL ("Ms. Van Kessel") for fifty percent (50%) each of the Plan Benefits. [DE 1, ¶13; *see also* DE 1-3].

7. Decedent died on February 6, 2018. [DE 1, ¶ 14].

8. On or about February 26, 2018, Ms. Perry wrote to AT&T alleging that Mr. Riguez fraudulently changed the Decedent's email address, mailing address, user name and passwords for the Decedent's AT&T Benefits Account. [*Id.*, ¶ 16].

9. On or about April 9, 2018, Ms. Van Kessel wrote to MetLife and contested that Mr. Riguez and Ms. Rogers were the proper beneficiaries. [*Id.*, ¶17].

10. By letter dated April 12, 2018, MetLife wrote to the Defendants advising that their claims were adverse to one another and raised questions of fact and law that could not be resolved by MetLife without exposing the Plan to the danger of double liability. MetLife gave

the Defendants an opportunity to try and resolve this matter in order to preserve the Plan Benefits from litigation costs and fees. [*Id.*, ¶ 18].

11. On or about May 4, 2018, Ms. Van Kessel and Ms. Perry each provided signed statements to MetLife, each stating that there would not be any agreement forthwith between the interested parties. [*Id.*, ¶ 19].

12. MetLife commenced the present action to request that this Court determine to whom the BLI Benefits should be paid because the Defendants' claims were adverse to one another and raised questions of fact and law that could not be resolved by MetLife without exposing the Plan to the danger of double liability. Specifically, that MetLife cannot determine whether a court would find that the February 3, 2018 Beneficiary Designation is valid.

13. If the Court determines that the February 3, 2018 Beneficiary Designation is a valid designation, then the BLI Benefits would be payable to Mr. Riguez and Ms. Rogers.

14. If the Court determines that the February 3, 2018 Beneficiary Designation is invalid, then the BLI Benefits would be payable to Ms. Perry and Ms. Van Kessel, per the March 30, 2015 Beneficiary Designation.

15. MetLife has not paid out the BLI Benefits and cannot determine the proper beneficiary of the BLI Benefits without risking exposure to double liability.

**B.     Procedural Background**

13. MetLife commenced this interpleader action on October 23, 2018 by the filing of a complaint. [DE 1].

14. On March 18, 2019, Ms. Van Kessel filed her Answer to the Complaint. [DE 20].

15. On March 18, 2019, Ms. Perry filed her Answer to the Complaint. [DE 20].

16. On March 12, 2019, Mr. Riguez filed his Answer to the Complaint. [DE 17-1].

17. On April 17, 2019, Ms. Rogers filed her proposed Answer to the Complaint (as an attachment to her motion to set aside default). [DE 29-1].

## II. ARGUMENT

**A.  As a disinterested stakeholder, MetLife's interpleader action is proper.**

> Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner. A successful interpleader suit results in the entry of a discharge judgment on behalf of the stakeholder; once the stakeholder turns the asset over to the registry of the court, all legal obligations to the asset's claimants are satisfied.

*Chase Manhattan Bank v. Mandalay Shores Coop. Hous. Ass'n (In re Mandalay Shores Coop. Hous. Ass'n)*, 21 F.3d 380, 383 (11th Cir. 1994).

Fed. R .Civ. P. 22 provides in relevant part:

> Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability…

To maintain an interpleader action under Rule 22, a party must establish that it has been subject to multiple adverse claims against a single fund or liability. *Gaines v. Sunray Oil Co.,* 539 F.2d 1136 (8th Cir. 1976); *Fulton v. Kaiser Steel Corp.*, 397 F.2d 580 (5th Cir. 1968). Exposure to unnecessary vexation by multiplicity of suits is sufficient ground for maintaining an interpleader action. *MFA Mutual Ins. Co. v. Lusby*, 295 F. Supp. 660 (W.D. Va. 1969). Interpleader should be liberally granted to protect stakeholders from double liability and duality of lawsuits. *Dakota Livestock Co. v. Keirn,* 552 F.2d 1302 (8th Cir. 1977).

An interpleader action typically proceeds in two stages. *See Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 262 (3d Cir. 2009). First, the court determines whether interpleader is

proper and "whether to discharge the stakeholder from further liability to the claimants." *Id*. Second, the court evaluates "the respective rights of the claimants to the interpleaded funds." *Id*.

At the time MetLife filed its Complaint for Interpleader, MetLife could not determine whether the February 3, 2018 Beneficiary Designation was valid, making the BLI Benefits payable to Mr. Riguez and Ms. Rogers, or whether the March 30, 2015 Beneficiary Designation was valid, making the BLI Benefits payable to Ms. Perry and Ms. Van Kessel, without risking exposure to double liability. Further, the funds were genuinely in dispute as Ms. Perry and Ms. Van Kessel contested that Mr. Riguez and Ms. Rogers were the proper beneficiaries. MetLife does not claim any interest in the BLI Benefits, has incurred no independent liability to any Defendant, and did not create the situation which caused the potential for conflicting claims. In other words, MetLife is an innocent stakeholder that claims no beneficial interest in the BLI Benefits.

**B.    The Court should authorize MetLife to deposit the BLI Benefits, plus any applicable interest, with the Court's Registry.**

Under Fed. R. Civ. P. 67(a), parties are required to obtain leave of Court after notice to all other parties before making a deposit with the registry of the Court. MetLife has provided notice to all defendants of its desire to deposit the BLI Benefits, plus any applicable interest, with the Court.

The district court has discretion to allow a party to deposit disputed funds into the Registry of the Court. *See Gulf States Utils. Co. v. Alabama Power Co.*, 824 F.2d 1465, 1474 (5th Cir. 1987). The applicable Rule provides:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party-on notice to every other party and by leave of court-may deposit with the court all or part of the money or thing, whether or not that party claims any of it.

Fed. R. Civ. P. 67(a).  "The purpose of Rule 67 is 'to relieve the depositor of responsibility for a fund in dispute,' such as in an interpleader action."  *Gulf States Utils. Co*., 824 F.2d at 1474 (quoting 12 C. Wright & A. Miller, Federal Practice & Procedure § 2991 (West 1973)); *see also Klayman v. Judicial Watch, Inc.,* 650 Fed. Appx. 741, 743 (11th Cir. May 27, 2016) (noting that "the law does not require a judgment debtor to decide the validity of competing claims to the judgment amount").  "Once funds are deposited, the court should determine ownership and make disbursements."  *Gulf States Utils. Co*., 824 F.2d at 1474.

In *Klayman*, the Eleventh Circuit held that the district court did not abuse its discretion in allowing the defendant to deposit funds into the Court's Registry when it was faced with competing claims for the judgment amount and wished to protect itself from multiple liability. 650 Fed. Appx. At 743-44; *see also Zelaya/Capital Int'l Judgment, LLC v. Zelaya,* 769 F.3d 1296, 1301-03 (11th Cir. 2014) (finding that the case law and the Federal Rules of Civil Procedure supported the district court's decision to permit the defendant to deposit the disputed funds into the Court's Registry).

Here, Mr. Riguez and Ms. Rogers on the one hand and Ms. Perry and Ms. Van Kessel on the other, have competing claims to the BLI Benefits.  MetLife is requesting to deposit funds into the Registry of the Court, which are genuinely in dispute and are the subject of this action. Specifically, MetLife requests permission to make a deposit of Forty-Two Thousand Five Hundred Dollars ($42,500.00), plus any applicable interest, in the Court Registry.

### III. CONCLUSION

WHEREFORE, MetLife respectfully requests that this Court enter an Order authorizing and directing MetLife to deposit the sum of deposit of Forty-Two Thousand Five Hundred

- 7 -

Dollars ($42,500.00), plus any applicable interest, into the Registry of the Court within 30 days of the Court's order.

### Certification of Counsel Pursuant to S.D. FLA. L.R. 7.01(a)(3)

Counsel for MetLife hereby certify that they have conferred with attorneys for the Defendants and that they have consented to the relief requested in the instant motion.

Dated:  April 29, 2019

        Respectfully submitted,

By: /s/ *Jeannine C. Jacobson*
     Jeannine C. Jacobson / FBN 58777
     ROBINSON & COLE LLP
     777 Brickell Avenue, Suite 680
     Miami, FL 33131
     Telephone: 786-725-4120
     Facsimile:  786-725-4121
     E-mail: jjacobson@rc.com
     *Counsel for Plaintiff*
     *Metropolitan Life Insurance Company*

## **CERTIFICATE OF SERVICE**

      I certify that on April 29, 2019, I electronically filed the foregoing with the Clerk of the Court and served the following parties by using the CM/ECF system:

Warren Andrew Crawford, Esq.
Kevin M. Kohl, Esq.
Boswell & Dunlap
245 S Central Avenue,
Bartow, FL 33830
Attorney for Tonna K. Perry & Tina Van Kessel

Stephen M. Jones, Esq.
Stephen M. Jones Law Firm, PLLC
390 N. Orange Ave., Ste. 2300
Orlando, FL 32801
Attorney for Jaime Riguez & Kristina Rogers

                                                  /s/ *Jeannine C. Jacobson*
                                                  Jeannine C. Jacobson