**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No.: 1:18-cv-24403-FAM-LFL**

METROPOLITAN LIFE INSURANCE
COMPANY

                Plaintiff,

vs.

TINA VAN KESSEL, TONNA KAY PERRY,
JAIME RIGUEZ and  KRISTINA ROGERS,

                Defendants.

_____/

**<u>AMENDED COMPLAINT IN INTERPLEADER</u>**

Plaintiff, Metropolitan Life Insurance Company ("Plaintiff" or "MetLife"), through

undersigned counsel, does hereby file this Complaint in Interpleader and states as follows:

**<u>PARTIES</u>**

1.      MetLife is a corporation organized under the laws of the State of New York, with

its principal place of business in New York, New York.  It is duly licensed to do business in the

State of Florida.

2.      Upon information and belief, Defendant Tonna Kay Perry ("Ms. Perry") was the

daughter of George Van Kessel, (the "Decedent"), and is a citizen and resident of Youngstown,

New York.

3.      Upon information and belief, Defendant Tina Van Kessel ("Ms. Van Kessel") is

the daughter of the Decedent and is a citizen and resident of Homestead, Florida.

4.      Upon information and belief, Defendant Jaime Riguez ("Mr. Riguez") is the step son of the Decedent and is a citizen and resident of Miami, Florida.

5.      Upon information and belief, Defendant Kristina Rogers ("Ms. Rogers") is the step daughter of the Decedent and is a citizen and resident of Miami Shores, Florida.

## JURISDICTION AND VENUE

6.      This Court has original jurisdiction over this action, pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331 because this action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*, a law of the United States.    Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

7.      Venue is proper pursuant to 29 U.S.C. § 1132(e)(2), 28 U.S.C. §1397, and 28 U.S.C. §1391(b), because a defendant resides in this district and a substantial part of the events giving rise to this action occurred in this district.

## GENERAL FACTUAL ALLEGATIONS

8.      The Decedent was an employee of AT&T Inc. ("AT&T") and a participant in the AT&T Group Life Insurance Program ("the Plan"), an ERISA-governed employee welfare benefit plan sponsored by AT&T, and funded by a group life insurance policy issued by MetLife.

9.      MetLife, as claim fiduciary, must administer claims in accordance with ERISA and the documents and instruments governing the Plan and is entitled to seek appropriate equitable relief such as interpleader.  29 U.S.C. § 1104(a)(1)(D); 29 U.S.C. §1132(a)(3).

10.      ERISA defines a beneficiary as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder."  29 U.S.C. § 1002(8).

11.     The Plan establishes at page 32, the right of a Plan participant to name his or her beneficiary.  A true and correct copy of the Plan is attached hereto **Exhibit A**.

12.     The most recent beneficiary designation on file was completed online on February 3, 2018 (the "February 3, 2018 Beneficiary Designation") and names Jaime Riguez and Kristina Rogers for fifty percent (50%) each of the Plan Benefits.   A true and correct copy of a screen print of the February 3, 2018 Beneficiary Designation is attached hereto as **Exhibit B**.

13.     The prior beneficiary designation on file was completed on March 30, 2015 (the "March 30, 2015 Beneficiary Designation") and named Tonna Perry and Tina Van Kessel for fifty percent (50%) of the Plan Benefits.  A true and correct copy of the March 30, 2015 Beneficiary Designation is attached hereto as **Exhibit C**.

14.     The Decedent died on February 6, 2018.  A true and correct copy of the death certificate is attached hereto as **Exhibit D**.

15.     At the time of his death, the Decedent was enrolled under the Plan for Basic Life insurance coverage in the amount of FORTY TWO THOUSAND FIVE HUNDRED DOLLARS ($42,500.00) (the "Plan Benefits").  The Plan Benefits became payable upon the Decedent's death, pursuant to the terms of the Plan.

16.     On or about February 26, 2018, Ms. Perry wrote to AT&T alleging that Mr. Riguez fraudulently changed the Decedent's email address, mailing address, user name and passwords for the Decedent's AT&T Benefits Account.  A true and correct copy of the February 26, 2018 letter is attached hereto as **Exhibit E**.

17.     By letter dated April 9, 2018, Ms. Van Kessel wrote to MetLife and disputed the beneficiary change that was made three days prior to the Decedent's death.  Ms. Van Kessel stated that she was contesting the beneficiary change from her and her sister, Ms. Perry, to her

step siblings, Mr. Riguez, and Ms. Rogers, because she knew that the Decedent "did not want it that way." A true and correct copy of the April 9, 2018 letter is attached hereto as **Exhibit F**.

18.     By letter dated April 12, 2018, MetLife wrote to the Defendants advising that their claims were adverse to one another and raised questions of fact and law that could not be resolved by MetLife without exposing the Plan to the danger of double liability. MetLife gave the defendants an opportunity to try to resolve this matter in order to preserve the Plan Benefits from litigation costs and fees. A true and correct copy of the April 12, 2018 letter is attached hereto as **Exhibit G**.

19.     By letter dated May 4, 2018, Ms. Van Kessel and Ms. Perry each provided signed statements to MetLife, and each stated that there would not be any agreement forthwith between the interested parties. A true and correct copy of both May 4, 2018 signed statements are attached hereto as **Exhibits H** and **I**.

## FIRST CLAIM - INTERPLEADER

20.     MetLife realleges and incorporates herein by reference, as though set forth in full, the allegations of paragraphs 1 through 19, inclusive, above.

21.     MetLife cannot determine whether a court would find that the February 3, 2018 Beneficiary Designation is valid.

22.     If a court were to determine that the February 3, 2018 Beneficiary Designation is valid, then the Plan Benefits would be payable to Mr. Riguez and Ms. Rogers.

23.     If a court were to determine that the February 3, 2018 Beneficiary Designation is invalid, then the Plan Benefits would be payable to Tonna Perry and Tina Van Kessel, per the March 30, 2015 Beneficiary Designation.

24.     MetLife cannot determine the proper beneficiary of the Plan Benefits at issue without risking exposure of itself, the Plan, and AT&T to double liability.

25.     As a mere stakeholder, MetLife has no interest in the Plan Benefits (except to recover its attorney's fees and costs of this action).  MetLife therefore respectfully requests that this Court determine to whom said Plan Benefits should be paid.

26.     MetLife is ready, willing and able to pay the Plan Benefits, in accordance with the terms of the Plan, in such amounts and to whichever Defendant the Court shall designate.

27.     MetLife will deposit into the Registry of the Court the Plan Benefits, plus any applicable interest due and owing under the terms of the Plan, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, MetLife demand judgment as follows:

(i)     Declare that the terms of the Plan provide for only one payment of Plan Benefits by reason of the death of the Decedent and that Defendants T. Perry, T. Van Kessel, J. Riguez and K. Rogers must litigate any claim against MetLife, AT&T or Plan for the recovery of Plan Benefits (plus any applicable interest) in this action;

(ii)    Requiring that Defendants litigate or settle and agree between themselves their claims for the Plan Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Plan Benefits, plus any applicable interest, should be paid;

(iii)   Permitting MetLife to pay into the Registry of the Court the Plan Benefits, plus any applicable interest;

(iv)    Dismissing MetLife with prejudice from this action and discharging MetLife, AT&T, and the Plan from any further liability upon payment of the Plan Benefits,

plus any applicable interest into the Registry of this Court, or as otherwise

directed by this Court;

(v)     Awarding MetLife its costs and attorney's fees; and

(vi)    Awarding MetLife such other and further relief as this Court deems just equitable

and proper.

Dated:  May 7, 2018

Respectfully submitted,

By: _/s/Jeannine Jacobson_____
Jeannine Jacobson (FBN 58777)
Robinson & Cole LLP
777 Brickell Ave., Suite 680
Miami, Florida 33131
Tel. 786-725-4120
Fax 786-725-4121
Email: jjacobson@rc.com
*Counsel for Plaintiff*
*Metropolitan Life Insurance Company*

## CERTIFICATE OF SERVICE

I certify that on May 7, 2019, I electronically filed the foregoing with the Clerk of the

Court and served the following parties by using the CM/ECF system:

Warren Andrew Crawford, Esq.
Kevin M. Kohl, Esq.
Boswell & Dunlap
245 S Central Avenue,
Bartow, FL 33830
Counsel for Tonna K. Perry & Tina Van Kessel

Stephen M. Jones, Esq.
Stephen M. Jones Law Firm, PLLC
390 N. Orange Ave., Ste. 2300
Orlando, FL 32801
Counsel for Jaime Riguez & Kristina Rogers

*/s/ Jeannine C. Jacobson_____*
Jeannine C. Jacobson